1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  JONATHAN RENNER, State Bar No. 187138
   Senior Assistant Attorney General
3  PETER A. KRAUSE, State Bar No. 185098
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 324-5328
6    Fax: (916) 324-8835
     E-mail: Peter.Krause@doj.ca.gov
7  *Attorneys for Defendants the State Of California, the*
   *California Department Of Justice, and Acting*
8  *Bureau Chief Steve Lindley*

9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12                    SACRAMENTO DIVISION

13

14

15  **OWNER-OPERATOR INDEPENDENT**          Case No. 10-CV-02010 -MCE-KJN
    **DRIVERS ASSOCIATION, INC., ERIK**
16  **ROYCE, BRANDON ELIAS, FOLSOM**        **REQUEST FOR JUDICIAL NOTICE IN**
    **SHOOTING CLUB, INC., THE CALGUNS**    **SUPPORT OF MOTION OF**
17  **FOUNDATION, INC., and NATIONAL**      **DEFENDANTS TO DISMISS THE**
    **RIFLE ASSOCIATION, INC.,**            **COMPLAINT OR, IN THE**
18                                          **ALTERNATIVE, TO STAY THE**
                                            **ACTION**
19                           Plaintiffs,
                                            Date:  November 18, 2010
20         v.                               Time:  2:00 p.m.
                                            Ctrm: No. 7 - 14th Floor
21  **STEVE LINDLEY; THE STATE OF**         Judge: Hon. Morrison C. England, Jr.
    **CALIFORNIA; THE CALIFORNIA**          Trial Date: None
22  **DEPARTMENT OF JUSTICE; and DOES**     Action Filed:  7/28/2010
    **1-10,**
23

24                           Defendants.

25

26

27

28

                                    1

1

## REQUEST FOR JUDICIAL NOTICE

2    Defendants Steve Lindley, the State of California, and the California Department of

3    Justice, by and through their attorneys of record, respectfully request that the Court take

4    judicial notice pursuant to Federal Rule of Evidence rule 201 of the following facts and

5    document:

6    On June 17, 2010, certain plaintiffs filed a complaint in the Superior Court of

7    California, County of Fresno, Case No. 10CECG02116, entitled *Parker, et al. v. State of*

8    *California, et al.* The plaintiffs in that action seek to invalidate Assembly Bill 962 on the

9    ground that the act's definition of "handgun ammunition" is unconstitutionally vague

10   under the Fourteenth Amendment to the United States Constitution. A true and correct

11   copy of the Complaint in *Parker v. State of California* is attached hereto as Exhibit "A."

12   Dated: September 17, 2010                          Respectfully Submitted,

13                                                      EDMUND G. BROWN JR.
                                                        Attorney General of California
14                                                      JONATHAN K. RENNER
                                                        Senior Assistant Attorney General
15
                                                        */s/ Peter A. Krause*
16
                                                        PETER A. KRAUSE
17                                                      Deputy Attorney General
                                                        *Attorneys for Defendants Steve Lindley,*
18                                                      *the State Of California, and the*
                                                        *California Department Of Justice*
19

20   SA2010102125
     10614447.doc

21

22

23

24

25

26

27

28

2

# EXHIBIT A

1   C. D. Michel - SBN 144258
    Clinton B. Monfort - SBN 255609
2   Sean A. Brady - SBN 262007
    **MICHEL & ASSOCIATES, P.C.**
3   180 East Ocean Blvd., Suite 200
    Long Beach, CA 90802
4   Telephone: (562) 216-4444
    Fax: (562) 216-4445
5   cmichel@michellawyers.com

6   Attorneys for Plaintiffs/Petitioners

**FILED**

JUN 1 7 2010

FRESNO COUNTY SUPERIOR COURT
By _____
          DEPUTY

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF FRESNO

                                            **10 CE CG 02 1 1 6**

10  SHERIFF CLAY PARKER, TEHAMA          )   CASE NO.
    COUNTY SHERIFF; HERB BAUER           )
11  SPORTING GOODS; CALIFORNIA RIFLE     )   **COMPLAINT FOR DECLARATORY AND**
    AND PISTOL ASSOCIATION               )   **INJUNCTIVE RELIEF;**
12  FOUNDATION; ABLE'S SPORTING,         )   **PETITION FOR WRIT OF MANDATE**
    INC.; RTG SPORTING COLLECTIBLES,     )
13  LLC; AND STEVEN STONECIPHER,         )   **(TO DETERMINE VALIDITY**
                                         )   **OF STATUTES)**
14           Plaintiffs and Petitioners, )
                                         )
15                                       )
               vs.                       )
16                                       )
    THE STATE OF CALIFORNIA; JERRY       )
17  BROWN, IN HIS OFFICIAL CAPACITY      )
    AS ATTORNEY GENERAL FOR THE          )
18  STATE OF CALIFORNIA; THE             )
    CALIFORNIA DEPARTMENT OF             )          *This case has been assigned to*
19  JUSTICE; and DOES 1-25,              )          *Judge Adolfo M. Corona for all purposes*
                                         )
20                                       )
             Defendants and Respondents. )
21  _____)

22        Plaintiffs and Petitioners[1] Sheriff Clay Parker, et. al., (collectively "Plaintiffs") by and

23  through their Counsel, bring this action against Defendants under state and federal law, including

24  42 U.S.C. 1983, to challenge the validity of California Penal Code sections 12060, 12061, and

25  12318 *et seq.* that regulate "handgun ammunition" as it is defined in Penal Code sections

26  12060(b) and 12323(a).

27  _____

28  [1] In matters combining a complaint for declaratory relief and writ petition, the parties are
    uniformly referred to as "plaintiff" and "defendant." (Code Civ. Proc. §§ 308, 1063.)

                                        1
                COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. In 2009, Governor Schwarzennegger signed Assembly Bill 962 into law, which added Penal Code sections 12060, 12061 and 12318 [2] to the California Penal Code and implemented a statutory scheme for the transfer and handling of "handgun ammunition."

2. The Challenged Provisions are void for vagueness under the Due Process Clause of the Fourteenth Amendment, both facially and as applied, because their definition of "handgun ammunition" fails to provide notice to "people of ordinary intelligence," including Plaintiffs and law enforcement officers, of which calibers of ammunition these provisions regulate. This failure to provide notice is especially egregious given the heightened standard of certainty required of laws like the Challenge Provisions that impose criminal penalties and impact constitutionally protected conduct.  Under the Challenged Provisions, "handgun ammunition" includes all ammunition "*principally for use in* pistols, revolvers, and other firearms capable of being concealed upon the person, . . . notwithstanding that the ammunition may also be used in some rifles."

3. Despite the fact that virtually all calibers of ammunition can be used safely in both rifles and handguns, the Challenged Provisions fail to provide any standard whereby a person of ordinary intelligence can understand and determine whether a given caliber of ammunition is "principally for use" in a handgun.  Ordinary persons, including law abiding individuals, ammunition vendors, and law enforcement officers are required to know, *without any clarifying guidelines from Defendants*, whether ammunition commonly used in both rifles and handguns, including but not limited to .22 LR, .22-250, 270 Winchester, .308, .308 NATO, 9mm, .357 Magnum, .40 Smith & Wesson .44 Magnum, .45 Colt, .45 ACP, and 40-40 Winchester, are "principally for use in handguns."

4. Accordingly, the Challenged Provisions require ordinary persons – as well as those charged with enforcing them – to have superior knowledge that they neither have, nor can

---

[2] Penal Code sections 12060, 12061 and 12318 are hereinafter referred to collectively as the "Challenged Provisions."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    reasonably acquire, prior to engaging in or regulating the exercise of constitutionally protected

2    conduct.

3        5. The confusion surrounding which calibers of ammunition are "principally for use" in

4    handguns prevents persons of ordinary intelligence who wish to comply with the law from having

5    reasonable notice of their obligations under the Challenged Provisions.

6        6. Further, even if the terms "principally for use in" had an objective meaning, whether a

7    given caliber of ammunition is used principally in a handgun as opposed to a rifle is something

8    that will change and fluctuate over time, depending on the changing popularity and usage of

9    different types of firearms that utilize that particular caliber of ammunition.

10        7. Moreover, rifle and handgun ammunition packaging most often *does not have* a label

11    indicating whether it is "handgun" or "rifle" ammunition – let alone labeling indicating what its

12    *"principal use"* might be under the Challenged Provisions.

13        8. Ultimately, no statutory or other means exist that would enable Plaintiffs to first

14    *understand the meaning* of the Challenged Provisions' "principally for use in" standard, and

15    second, determine whether a given caliber of ammunition is *actually "handgun ammunition"*

16    *under that standard.*

17        9. Due to the vagueness of the Challenged Provisions, law enforcement officials have

18    essentially unbridled discretion to interpret and apply the Challenged Provisions, including the

19    arbitrary ability to declare which calibers of ammunition are "handgun ammunition." Plaintiffs,

20    and others wishing to comply with the law, are therefore unjustly subject to criminal penalties if

21    their understanding of the law differs from that of law enforcement.

22        10. For these reasons, Plaintiffs, as taxpayers, citizens, retailers, and law enforcement

23    officials seek injunctive and declaratory relief prohibiting the enforcement of the Challenged

24    Provisions.

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**PARTIES**

**[Plaintiffs]**

11.  Plaintiff SHERIFF CLAY D. PARKER ("SHERIFF PARKER"), is the duly elected Sheriff for the County of Tehama, California.  SHERIFF PARKER has been a law enforcement officer since 1981, and is a graduate of the Federal Bureau of Investigation National Academy. He was originally elected Sheriff of Tehama County in 1998, and has been re-elected to that position two (2) times.  SHERIFF PARKER is also the immediate-past President of the California State Sheriffs' Association, and is a former President of the Western States' Sheriffs' Association. In addition to having has standing as a citizen and taxpayer,  SHERIFF PARKER is responsible for determining the policies of the Tehama County Sheriff's Department, including which calibers of ammunition are "handgun ammunition" under the Challenged Provisions.  SHERIFF PARKER is also responsible for upholding the laws of California and of the United States.  Without further clarification or guidelines as to what calibers of ammunition are "handgun ammunition," SHERIFF PARKER cannot, and does not, know how to equitably enforce the Challenged Provisions.

12.  Plaintiff HERB BAUER'S SPORTING GOODS, INC., is a California corporation that sells a variety of ammunition suitable for use in both rifles and handguns, with its principal place of business in the County of Fresno, CA.  Barry Bauer is the President of HERB BAUER'S SPORTING GOODS, INC., and is responsible for determining the policies and operating procedures of HERB BAUER'S SPORTING GOODS, INC., including which calibers of ammunition are "handgun ammunition" under the Challenged Provisions.  Plaintiff does not, and cannot, know what its obligations are under the Challenged Provisions because they do not provide notice of which calibers of ammunition are "handgun ammunition" and thus regulated by the Challenged Provisions.  The failure to provide Plaintiff with notice of which calibers of ammunition are "handgun ammunition" under the Challenged Provisions unreasonably and unfairly subjects Plaintiff to the threat of prosecution for violations of these laws, because Plaintiff does not, and cannot, know what the Challenged Provisions prohibit.

/ / /

---

4

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

13. Plaintiff CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION ("CRPA FOUNDATION") is a non-profit entity classified under section 501(c)(3) of the Internal Revenue Code and incorporated under California law, with headquarters in Fullerton, California. Contributions to CRPA FOUNDATION are used for the direct benefit of Californians. Funds granted by the Foundation benefit a wide variety of constituencies throughout California, including gun collectors, hunters, target shooters, law enforcement, and those who choose to own a firearm to defend themselves and their families. CRPA FOUNDATION seeks to: raise awareness about unconstitutional laws, defend and expand the legal recognition of the rights protected by the Second Amendment, promote firearms and hunting safety, protect hunting rights, enhance marksmanship skills of those participating in shooting sports, and educate the general public about firearms. CRPA FOUNDATION supports law enforcement and various charitable, educational, scientific, and other firearms-related public interest activities that support and defend the Second Amendment rights of all law-abiding Americans. In this suit, CRPA FOUNDATION represents the interests of the tens of thousands of its supporters who reside in the State of California and who are too numerous to conveniently bring this action individually, and whose interests include their desire to purchase and transfer ammunition and otherwise exercise their constitutional rights to keep and bear arms without being subject to criminal prosecution for violating the unconstitutionally vague Challenged Provisions.

14. Plaintiff ABLE'S SPORTING, INC. ("ABLE'S") is a lawful ammunition distributor that ships dozens of different calibers of firearm ammunition, including ammunition suitable for use in both long guns and handguns, directly to California residents. Neither Plaintiff ABLE'S, nor others distributors in its position, know what their obligations are under California Penal Code section 12318[3] because the Challenged Provisions do not provide notice as to which calibers of ammunition are "handgun ammunition" and thus regulated by section 12318. As a result, the Challenged Provisions unreasonably and unfairly subject Plaintiff ABLE'S to criminal prosecution for violating section 12318.

---

[3] All further statutory references are to the California Penal Code unless otherwise indicated.

1    15. Plaintiff RTG SPORTING COLLECTIBLES, LLC ("RTG") is a lawful ammunition

2  distributor that ships dozens of different calibers of firearm ammunition, including ammunition

3  suitable for use in both long guns and handguns, directly to residents of California, including

4  Fresno County residents. Most of the ammunition RTG ships into California was manufactured

5  before the year 1960, and in many cases before 1920, and, despite being mostly live ammunition,

6  is sold as "collectible ammunition" not intended for firing.  Plaintiff RTG does not and cannot

7  know what its obligations are under section 12318 because the Challenged Provisions not only fail

8  to provide notice of which calibers of ammunition are "handgun ammunition" and thus regulated

9  by section 12318, but also as to whether RTG's collectible ammunition is subject to section 12318

10  at all. As a result, the Challenged Provisions unreasonably and unfairly subject RTG to criminal

11  prosecution for violating section 12318.

12    16. Plaintiff STEVEN STONECIPHER is an individual resident of Fresno County,

13  California and is *not* engaged in the business of selling ammunition.  In addition to having

14  standing as a citizen and taxpayer, Plaintiff STONECIPHER mails ammunition to friends and/or

15  family, and sometimes receives ammunition in the mail from out of state shippers of ammunition.

16  Plaintiff STONECIPHER does not, and cannot, know what his obligations are under section

17  12318, because the Challenged Provisions do not provide notice of what calibers of ammunition

18  are "handgun ammunition" and thus regulated by section 12318.  As a result, the Challenged

19  Provisions unreasonably and unfairly subject Plaintiff STONECIPHER and others similarly

20  situated to criminal prosecution for violating section 12318.

21    17. Plaintiffs initiate this action in their respective personal interests and as taxpayers and

22  citizens seeking to enjoin the undue expenditure of public funds to enforce these void and invalid

23  statutes.

24    **[Defendants]**

25    18. Defendant STATE OF CALIFORNIA ("STATE") is a sovereign state admitted to the

26  United States under section 3, Article IV of the United States Constitution.

27    19. Defendant JERRY BROWN is the Attorney General of California.  He is the chief law

28  enforcement officer of California, and is charged by article V, section 13 of the California

1    Constitution with the duty to inform the general public, and to supervise and instruct local

2    prosecutors and law enforcement agencies, regarding the meaning of the laws of the STATE,

3    including the Challenged Provisions, and to ensure the fair, uniform and consistent enforcement of

4    those laws throughout the state.

5         20.   Defendant CALIFORNIA DEPARTMENT OF JUSTICE ("DOJ") is a lawfully

6    constituted executive agency of California responsible, in part, for administering the Challenged

7    Provisions.  It is charged by Article V, section 13 of the California Constitution with the duty to

8    inform the general public, and to supervise and instruct local prosecutors and law enforcement

9    agencies, regarding the meaning of the laws of the STATE, including the Challenged Provisions,

10   and ensure the fair, uniform and consistent enforcement of those laws throughout the state.

11        21.   Defendants STATE OF CALIFORNIA, BROWN and the DOJ (collectively

12   "DEFENDANTS") are responsible for administering the Challenged Provisions, and are in fact

13   presently enforcing subparagraphs (1) and (2) of section 12061(a) against Plaintiffs, and will

14   enforce subparagraphs (3)-(7) of section 12061(a) and section 12318 against Plaintiffs when those

15   provisions take effect on February 1, 2011.

16        22.   The true names or capacities, whether individual, corporate, associate or otherwise of

17   the Defendants named herein as DOE, are presently unknown to Plaintiffs, who therefore sue said

18   Defendants by such fictitious names.  Plaintiffs pray for leave to amend this Complaint and

19   Petition to show the true names, capacities, and/or liabilities of DOE Defendants if and when they

20   have been determined.

21        23.   Defendants are presently enforcing subparagraphs (1) and (2) of section 12061(a) and

22   will be enforcing subparagraphs (3)-(7) of section 12061(a) and section 12318 against Plaintiffs

23   under color of state law within the meaning of 42 U.S.C. § 1983, in that such enforcement

24   subjects plaintiffs to the deprivation of rights, privileges, and immunities secured by the United

25   States Constitution.

26   ///

27   ///

28   ///

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## JURISDICTION AND VENUE

24.  This Court has jurisdiction under sections 525, 526, 1060 and 1085 of the California Code of Civil Procedure and other applicable laws.  Plaintiffs lack a "plain, speedy, and adequate remedy in the ordinary course of law."  (Cal. Code of Civ. Proc. § 1086.)

25.  Because this action is brought against a public officer of the State of California and against the State of California itself, and because the Attorney General has an office in Fresno, CA, this action is properly brought in the Superior Court for the State of California for the County of Fresno. (Code of Civ. Proc. §§ 393(b), 394(a), 401(1).)

## AUTHENTICITY OF EXHIBITS

26.  All exhibits accompanying this Complaint and Petition are true and correct copies of the original documents.  The exhibits are incorporated herein by reference as though fully set forth in this Complaint and Petition.

## REGULATORY SCHEME

### [Assembly Bill 962]

27.  Sections 12060, 12061 and 12318 were added to the California Penal Code by Assembly Bill 962 (2009-2010 Reg. Sess.) ("AB 962"),[4] which implemented a statutory scheme for the transfer and handling of "handgun ammunition."

28.  Each of these sections regulate "handgun ammunition" as defined in section 12060(b).

29.  Section 12060(b) defines "handgun ammunition" as follows: "'Handgun ammunition' means handgun ammunition as defined in subdivision (a) of Section 12323, but excluding ammunition designed and intended to be used in an "antique firearm" as defined in Section 921(a)(16) of Title 18 of the United States Code.  Handgun ammunition does not include blanks."

30.  Penal Code section 12323(a)[5] defines "handgun ammunition" as: "...ammunition

---

[4]  Assembly Bill No. 962 (20099-2010 Reg. Sess.) is codified at Penal Code §§ 12060, 12061, 12316, 12317, and 12318.  The amendments to Penal Code §§ 12317 and 12318 are not challenged in this suit. A copy of AB 962 containing the language of the statutes added and amended by its passage, including the Challenged Provisions, is attached as Exhibit "A" and incorporated herein.

[5]  A copy of the text of Cal. Pen. Code section 12323(a) is attached hereto as Exhibit "B."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  principally for use in pistols, revolvers, and other firearms capable of being concealed upon the

2  person, as defined in subdivision (a) of Section 12001[6], notwithstanding that the ammunition may

3  also be used in some rifles."

4      31. As provided in Section 921(a)(16) of Title 18 of the United States Code, the term

5  "antique firearm" means: (A) any firearm (including any firearm with a matchlock, flintlock,

6  percussion cap, or similar type of ignition system) manufactured in or before 1898; or (B) any

7  replica of any firearm described in subparagraph (A) if such replica (i) is not designed or

8  redesigned for using rimfire or conventional centerfire fixed ammunition, or (ii) uses rimfire or

9  conventional centerfire fixed ammunition which is no longer manufactured in the United States

10  and which is not readily available in the ordinary channels of commercial trade; or (C) any muzzle

11  loading rifle, muzzle loading shotgun, or muzzleloading pistol, which is designed to use black

12  powder, or a black powder substitute, and which cannot use fixed ammunition. For purposes of

13  this subparagraph, the term "antique firearm" shall not include any weapon which incorporates a

14  firearm frame or receiver, any firearm which is converted into a muzzle loading weapon, or any

15  muzzle loading weapon which can be readily converted to fire fixed ammunition by replacing the

16  barrel, bolt, breechblock, or any combination thereof."

17      32. Thus, "handgun ammunition," for purposes of the Challenged Provisions, is defined

18  by Penal Code section 12060(b), as all ammunition "principally for use in [handguns] . . .,

19  notwithstanding that the ammunition may also be used in some rifles."[7]

20      33. Section 12061 regulates the activities of anyone deemed a "handgun ammunition

21  vendor" (hereinafter "Vendor") as defined in section 12060©.

22  ///

23  ///

24

25    [6] Section 12001(a) provides: "As used in this title, the terms 'pistol,' 'revolver,' and 'firearm
capable of being concealed upon the person' shall apply to and include any device designed to be
26  used as a weapon...." (For convenience, "pistols, revolvers, and other firearms capable of being
concealed upon the person" are hereinafter referred to in this Complaint as "handgun(s).")
27

28    [7] Excluding ammunition "designed and intended" to be used in "antique firearms," and
blanks. (Cal Pen. Code section 12061(b).)

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

34. Section 12060(c) defines a "handgun ammunition vendor" as: "any person, firm, corporation, dealer, or any other business enterprise that is engaged in the retail sale of any "handgun ammunition," or that holds itself out as engaged in the business of selling any "handgun ammunition."

35. Section 12061(a)(1) mandates that: "A vendor shall not permit any employee who the vendor knows or reasonably should know is a person described in Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code to handle, sell, or deliver handgun ammunition in the course and scope of his or her employment."

36. Section 12061(a)(2) mandates that: "A vendor shall not sell or otherwise transfer ownership of, offer for sale or otherwise offer to transfer ownership of, or display for sale or display for transfer of ownership of any handgun ammunition in a manner that allows that ammunition to be accessible to a purchaser or transferee without the assistance of the vendor or employee thereof."

37. Commencing February 11, 2011, subsections (3)-(7) of 12061(a) require Vendors (subject to exceptions for exempted persons), under penalty of misdemeanor prosecution, to accurately record specific information about every transfer of "handgun ammunition" made by the Vendor, store the records on the premises for five years, and make the records available for inspection and/or use by law enforcement.[8]

38. Section 12318 requires that, subject to exceptions for exempted persons: "Commencing February 11, 2011, the delivery or transfer of ownership of handgun ammunition may only occur in a face-to-face transaction with the deliverer or transferor being provided bona fide evidence of identity from the purchaser or other transferee. A violation of this section is a misdemeanor."[9]

---

[8] See section 12061(b) of AB 962 attached hereto as Exhibit "A."

[9] Deliveries, transfers or sales to certain persons are exempted from these requirements under section 12318(c), including transfers to authorized law enforcement representatives, persons on the centralized list maintained by the Department of Justice pursuant to section 12083, "handgun ammunition vendors," and others.

**[Vagueness Doctrine]**

39.  The Fourteenth Amendment of the United States Constitution provides that no state shall deprive any person of life, liberty, or property, without due process of law.

40.  A statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential requirement of due process.

41.  The "void for vagueness" doctrine under the Due Process Clause generally requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited.  It requires laws to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he or she may act accordingly.

42.  The certainty required in legislation is greater where a criminal statute limits a constitutional right.

43.  *District of Columbia v. Heller* (2008), 128 S. Ct. 2783, held that the Second Amendment of the United States Constitution protects an individual right to keep and bear arms.

44.  The Second Amendment, by way of its incorporation through the Fourteenth Amendment, limits state and local government action from infringing on an individual's right to keep and bear arms.

45.  The "void for vagueness" doctrine also requires that penal statutes regulate in a manner that does not encourage arbitrary and discriminatory enforcement of the law.  Laws may not impermissibly delegate basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

## GENERAL ALLEGATIONS

46.  Each of the Challenged Provisions are criminal statutes that limit the constitutional right to keep and bear arms guaranteed by the Second Amendment.

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

47.  The Challenged Provisions are void for vagueness because persons of ordinary intelligence, including Plaintiffs, are unable to ascertain at any given time which calibers of ammunition are considered "principally for use" in a handgun and are thus "handgun ammunition" pursuant to sections 12060(b) and 12323(a).

48.  All modern centerfire and rimfire ammunition for use in rifles and/or handguns consist of the same components: a metal casing that suspends a metal projectile over a charge of smokeless powder confined within the metal casing and a primer to ignite the charge.

49.  Virtually all calibers of ammunition can be used safely in both rifles and handguns.

50.  Many calibers of ammunition are commonly used in both rifles and handguns, including but not limited to .22 LR, .22-250, 270 Winchester, .308, .308 NATO, 9mm, .357 Magnum, .40 Smith & Wesson, .44 Magnum, .45 Colt, .45 ACP, and 40-40 Winchester.

51.  Persons of ordinary intelligence are unable to ascertain from reading the Challenged Provisions what the phrase "principally for use in" means, let alone whether a given caliber of ammunition is "principally for use" in a handgun at any given time.

52.  The Challenged Provisions fail to provide any standard whereby one can determine whether a given caliber of ammunition is "principally for use" in a handgun.

53.  The Challenged Provisions do not state what "ammunition 'principally for use' in a handgun" means. If it means ammunition that is used more often in a handgun than in a long gun, the Challenged Provisions still do not specify which calibers of ammunition are in fact used more often in a handgun than in a long-gun, or vice-versa.

54.  Whether a given caliber of ammunition is used more often in a handgun than in a rifle may change and fluctuate over time, depending on the changing popularity and usage of different types of firearms which utilize that caliber of ammunition, or vice-versa.

55.  There are no means for individuals of ordinary intelligence to determine which calibers of ammunition, at any given time, are used more often in a handgun than in a long-gun.

56.  Even if a manufacturer's intended use was the "applicable" standard, there are likewise no means for individuals of ordinary intelligence to determine which calibers of ammunition are intended by manufacturers to be "principally for use" in a handgun or a rifle.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

57. Packaging for ammunition that is commonly used in both rifles and handguns most often has no label indicating whether it is "handgun" or "rifle" ammunition, let alone indicating whether the ammunition is *principally for use* in a handgun under section 12060(b).

58. As well, as firearm models and calibers evolve, are developed, and become more or less popular with consumers, whether a specific type of ammunition is intended to be "principally for use" in a handgun can change and fluctuate over time.

59. There is no generally accepted technical definition of "handgun ammunition," nor any commonly understood delineation between "handgun ammunition" and other ammunition used in the firearms industry that clearly equates to the "principally for use in [handguns]" language upon which the Challenged Provisions rely.

60. For example, ammunition that is commonly referred to as .22 Long Rifle, or .22 LR, is frequently used in handguns, including Olympic target pistols, despite the use of the term "rifle" in its nomenclature.

61. Further, under the definition of "antique firearm" in Section 921(a)(16) of Title 18 of the United States Code, a firearm made in or before 1898 is an "antique firearm," but an identical firearm in the same caliber made after 1898 is not an "antique firearm." Numerous calibers of ammunition, including but not limited to .22 Short, .22 Long, 32-20, .38-40, .44-40, .45 Colt, and .32 Colt can be used in identical firearms that were manufactured both in or before 1898 and after 1898, and are commonly used in both rifles and handguns. Because many calibers of ammunition can be used in both a modern firearm and an "antique firearm" under that definition, there is no way of knowing whether any of those calibers is "designed and intended" to be used in an "antique firearm" or not, and thus exempt from the Challenged Provisions

62. The uncertainty and confusion as to which calibers of ammunition are "principally for use in" handguns prevents people of ordinary intelligence who wish to comply with the law from having notice of what their obligations are under the Challenged Provisions.

63. Law enforcement officials likewise cannot know and are unable to clearly determine which calibers of ammunition are "principally for use in" handguns.

64.  Without legislative guidance as to what calibers of ammunition are "handgun ammunition," such as an enumerated list of regulated ammunition calibers, some law enforcement agencies, and individual officers, will unilaterally or subjectively consider a given caliber to be "handgun ammunition" under the Challenged Provisions, while others will not, thereby encouraging arbitrary and discriminatory application of the Challenged Provisions.

65.  Also, a person of ordinary intelligence does not, and cannot, know whether rare ammunition that is sold as a collectible, not intended to be fired but that can be fired, is "handgun ammunition" under the Challenged Provisions. Though it is intended to be used as a collectible, it may still be subjectively considered "principally for use in" handguns by law enforcement, thereby encouraging further arbitrary and discriminatory application of the Challenged Provisions.

**[Guideline Failures]**

66.  On or about December 30, 2009, the DOJ Bureau of Firearms released an official "Information Bulletin" for all California firearms dealers that provided a list of all "New and Amended Firearms Laws" that became effective January 1, 2010.  The Information Bulletin lists subparagraphs (1) and (2) of section 12061(a) as laws effective January 1, 2010.  The Information Bulletin also lists subparagraphs (3) of section 12061 and section 12318 as taking effect on February 1, 2011.[10]

67.  The Information Bulletin summarizes each Challenged Provision, but fails to provide any guidelines or clarification for Vendors, individuals or law enforcement to understand and determine what the term "principally for use in" means, let alone whether any given caliber of ammunition is "principally for use" in handguns, and therefore "handgun ammunition" under the Challenged Provisions.

68.  None of the Challenged Provisions, nor any other provision of the law, confer authority upon an agency or other entity to promulgate regulations to clarify the Challenged Provisions.

///

---

[10]  A copy of the Information Bulletin is attached hereto as Exhibit "C."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

69. Defendant DOJ has expressly stated it "[does not] have any other guidelines to distinguish . . . "handgun ammunition" from other ammunition," and it "would only refer to the language of Penal Code section 12323, subd. (a) . . .""

70. Defendant DOJ has expressly stated it "can't and won't adopt a general policy" about which calibers of ammunition are covered by the Challenged Provisions.

71. Defendant DOJ also stated it "[does not] plan to hold any regulatory meetings" concerning the implementation and clarification of the Challenged Provisions.

72. Defendant DOJ has stated it "[doesn't] know and . . . can't say" whether DOJ Field Representatives charged with enforcing these laws will consider a certain caliber of ammunition to be "handgun ammunition" under, and for purposes of enforcing, the Challenged Provisions.

### [Irreparable Injury Allegations]

73. Due to the vagueness of the Challenged Provisions as to what calibers of ammunition are "handgun ammunition," the named individual plaintiffs, and the individuals and entities represented in this action, are irreparably injured, and will continue to be injured, by the mere enactment, existence, and ongoing and pending arbitrary enforcement of the Challenged Provisions in the following ways:

74. Licensed business enterprises, including Plaintiff HERB BAUER SPORTING GOODS, INC. and those represented by Plaintiff CRPA FOUNDATION, engaged in the business of selling or transferring ammunition within the state are, and will continue to be, subject to criminal prosecution for allowing an employee to handle a caliber of ammunition that, unbeknownst to the Vendor, law enforcement subjectively deems "handgun ammunition" – despite the fact that neither Vendors nor law enforcement can ascertain which calibers of ammunition are "handgun ammunition" under section 12061(a)(1) and which are not.

75. Licensed business enterprises, including Plaintiff HERB BAUER SPORTING GOODS, INC. and those represented by Plaintiff CRPA FOUNDATION, engaged in the business of selling or transferring ammunition within the state are, and will continue to be, subject to criminal prosecution for displaying a caliber of ammunition in a manner accessible to the transferee that, unbeknownst to the Vendor, law enforcement subjectively considers "handgun

1  ammunition", despite the fact that neither Vendors nor law enforcement can ascertain which

2  calibers of ammunition are "handgun ammunition" under 12061(a)(2) and which are not.

3      76. Licensed business enterprises, including Plaintiff HERB BAUER SPORTING

4  GOODS, INC. and those represented by Plaintiff CRPA FOUNDATION, engaged in the business

5  of selling or transferring ammunition within the State will be forced to risk criminal prosecution

6  for failing to record transfers of a caliber of ammunition that, unbeknownst to the Vendor, law

7  enforcement subjectively considers "handgun ammunition," despite the fact that neither Vendors

8  nor law enforcement can ascertain which calibers of ammunition are "handgun ammunition"

9  under section 12061(a)(3-7).

10      77. Licensed business enterprises, including Plaintiffs ABLE'S, RTG, and those

11  represented by CRPA FOUNDATION, engaged in the business of shipping ammunition to

12  individuals in the State will be subject to criminal prosecution for shipping to a transferee within

13  the State a caliber of ammunition that, unbeknownst to the Vendor, law enforcement subjectively

14  considers "handgun ammunition," despite the fact that neither Vendors nor law enforcement can

15  ascertain which calibers of ammunition are "handgun ammunition" under section 12318 and

16  which are not.  Due to enforcement threats under section 12318 and the inability to determine

17  which calibers of ammunition are "handgun ammunition," Plaintiffs ABLE'S and RTG may be

18  forced to cease all shipments of ammunition suitable for use in both handguns and rifles to their

19  customers in California, thereby causing a significant decrease in sales and lost profits.

20      78. In the case of Plaintiff RTG, most of the ammunition it ships into California is sold as

21  collectible ammunition that is not intended for firing. Plaintiff RTG does not, and cannot, know

22  what its obligations are under section 12318 because the Challenged Provisions fail to provide

23  notice of whether collectible ammunition is subject to section 12318.[11]  It is unclear whether any

24  given caliber of RTG's collectible ammunition is "principally for use in a handgun" when it is

25  sold for use as a collector's item. This failure to provide notice unreasonably and unfairly subjects

26   

27    [11] Much of the collectible ammunition RTG ships to California is not "designed and intended

28  to be used in an 'antique firearm' as defined in Section 921(a)(16) of Title 18 of the United States Code" and is thus not *expressly* exempt from the requirements of section 12318.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  RTG to criminal prosecution for violating section 12318, because RTG does not and cannot know

2  what conduct the law prohibits.

3        79.  Licensed business enterprises, including Plaintiff HERB BAUER SPORTING

4  GOODS, INC., and those represented by Plaintiff CRPA FOUNDATION, engaged in the business

5  of selling or transferring ammunition in the state will be subject to criminal prosecution for failing

6  to request "bona fide evidence of identification" from a transferee, upon transferring within the

7  state, a caliber of ammunition that law enforcement subjectively considers "handgun

8  ammunition," despite the fact that neither Vendors nor law enforcement can ascertain which

9  calibers of ammunition are "handgun ammunition" under section 12318 and which are not.

10        80.  Individual residents of the state, including Plaintiff STEVEN STONECIPHER and

11  those represented by Plaintiff CRPA FOUNDATION, who transfer and receive ammunition via

12  mail within the state, will be subject to criminal prosecution for shipping to a transferee (or

13  receiving as a transferee) a caliber of ammunition that law enforcement subjectively considers

14  "handgun ammunition," despite the fact that neither the parties to the transfer, nor law

15  enforcement, can ascertain which calibers of ammunition are "handgun ammunition" under

16  section 12318 and which are not.

17        81.  Residents of the state, including Plaintiff STEVEN STONECIPHER and those

18  represented by Plaintiff CRPA FOUNDATION, who transfer ammunition, will be subject to

19  criminal prosecution for failing to request "bona fide evidence of identification" upon transfer of a

20  caliber of ammunition that law enforcement subjectively considers "handgun ammunition,"

21  despite the fact that neither the parties to the transfer, nor law enforcement, can ascertain which

22  calibers of ammunition are "handgun ammunition" under section 12318 and which are not.

23        82.  Law enforcement officials, including Plaintiff SHERIFF PARKER, whose sworn duty

24  it is to uphold the law, do not and cannot know what individuals' and Vendors' obligations are

25  under the Challenged Provisions because those officials cannot ascertain which calibers of

26  ammunition are "handgun ammunition" under the Challenged Provisions.  The vagueness of the

27  term "handgun ammunition" thereby encourages arbitrary and discriminatory enforcement of the

28  Challenged Provisions.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

83. All Plaintiffs, and those represented by Plaintiffs, who are taxpayers, are irreparably injured by the waste of tax funds associated with the passage and implementation of the unconstitutionally vague Challenged Provisions, including expenditures of public funds relating to the enforcement of these provisions.

84. Plaintiffs ask this Court to declare the Challenged Provisions invalid on their face and as applied to Plaintiffs because the definition of "handgun ammunition" as set forth in these provisions, and in section 12060(b) specifically, is unconstitutionally vague, as it fails to provide notice to persons of ordinary intelligence what the law is or how to comply with it, and thereby violates Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment. Plaintiffs also ask that a writ issue prohibiting Defendants from enforcing any of the Challenged Provisions.

## PUBLIC INTEREST INVOLVED

85. Plaintiffs, and those represented by Plaintiffs, as citizens and taxpayers, properly bring this Complaint for Injunctive and Declaratory relief and Petition for Writ of Mandate in the nature of a citizen mandamus action to promote the public interest in having the general laws obeyed.

86. The Challenged Provisions are void for vagueness under the Due Process Clause of the Fourteenth Amendment because they fail to provide notice to "people of ordinary intelligence" regarding which calibers of ammunition those provisions regulate, and make ordinary citizens responsible for determining the scope of their application. Similarly, because of the failure to clearly specify which calibers of ammunition should be regulated by the Challenged Provisions, law enforcement officials have unbridled discretion to interpret and enforce the Challenged Provisions.

87. The public has an interest in preventing the state from enforcing vague laws such as the Challenged Provisions that subject residents to criminal prosecution without notice of how to avoid liability under those provisions, in violation of those residents' constitutional rights.

/ / /

/ / /

/ / /

### FIRST CAUSE OF ACTION
### FOR DECLARATORY AND INJUNCTIVE RELIEF
### DUE PROCESS VAGUENESS - FACIAL
#### (By All Plaintiffs Against All Defendants)

88. Plaintiffs re-allege all prior paragraphs and incorporate them herein.

89. An actual controversy has arisen and now exists between Plaintiffs and Defendants relative to their respective rights and duties under the Challenged Provisions, in that Plaintiffs contend these provisions are invalid and unenforceable on their face because they violate the Fourteenth Amendment's Due Process requirement that laws not be vague. Defendants dispute this contention, as they currently enforce subparagraphs (1) and (2) of section 12061(a), and will enforce subparagraphs (3)-(7) of section 12061 and section 12318 when these sections take effect on February 1, 2011.

90. Plaintiffs desire a declaration invalidating the Challenged Provisions on their face. A judicial declaration is necessary and appropriate at this time so that Plaintiffs may ascertain their rights and duties under the Challenged Provisions without first unknowingly violating these provisions and thereby subjecting themselves to criminal liability.

91. To resolve this controversy, Plaintiffs request that, pursuant to California Code of Civil Procedure section 1060, this Court declare the following: Penal Code sections 12060, 12061 and 12318 that regulate "handgun ammunition" as defined in Penal Code sections 12060(b) and 12323(a) are void for vagueness on their face because they fail to provide notice to persons of ordinary intelligence regarding which calibers of ammunition are "handgun ammunition" and thus subject to the Challenged Provisions; this vagueness thereby encourages arbitrary and discriminatory enforcement of the law and violates the Due Process Clause of the Fourteenth Amendment.

92. Additionally, Plaintiffs seek an injunction pursuant to Code of Civil Procedure sections 525 and 526. The state's enforcement of the Challenged Provisions, unless enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiffs, because they are unable to determine what conduct is required or prohibited under the Challenged Provisions. As a result, Plaintiffs continually risk criminal prosecution and suffer Due Process violations.

93.  The state's adoption and enforcement of the Challenged Provisions, and the resultant injuries to Plaintiffs, is and will be of a continuing nature for which Plaintiffs have no adequate remedy at law because monetary damages are impossible to determine.

94.  Accordingly, Plaintiffs seek a permanent injunction forbidding Defendants, their agents, employees, representatives, and all those acting in concert with them from enforcing the Challenged Provisions. This Court should render declaratory judgment declaring the Challenged Provisions unconstitutional and unenforceable.

## SECOND CAUSE OF ACTION
### FOR DECLARATORY AND INJUNCTIVE RELIEF
### DUE PROCESS VAGUENESS - AS APPLIED
**(By Plaintiff Herb Bauer Sporting Goods, Inc. Against All Defendants)**

95.  Plaintiffs re-allege all prior paragraphs and incorporate them herein.

96.  An actual controversy has arisen and now exists between Plaintiff and Defendants relative to their respective rights and duties under subparagraphs (1) and (2) of section 12061(a) in that Plaintiff contends these provisions are invalid and unenforceable as applied to Plaintiff because they violate the Fourteenth Amendment's Due Process requirement that laws not be vague.  Defendants dispute this contention, as they currently enforce subparagraphs (1) and (2) of section 12061(a), and thereby subject Plaintiff to arbitrary prosecution for inadvertent violations of these provisions because Plaintiff does not, and cannot, know how to comply with them due to their vagueness as applied.

97.  As to subparagraph (1) of section 12061(a), Plaintiff does not, and cannot, know which calibers of ammunition certain employees are prohibited from handling.

98.  As to subparagraph (2) of section 12061(a), Plaintiff does not, and cannot, know which calibers of ammunition must be displayed in a manner so that the ammunition is inaccessible to customers.

99.  Plaintiff desires a declaration as to the validity of subparagraphs (1) and (2) of section 12061(a) as these provisions are applied to Plaintiff.  A judicial declaration is necessary and appropriate at this time so that Plaintiff may ascertain its rights and duties under subparagraphs (1)

1  and (2) of section 12061(a) without first inadvertently subjecting itself to arbitrary criminal

2  liability by unknowingly violating any of these provisions.

3      100.  To resolve this controversy, Plaintiff requests that, pursuant to California Code of

4  Civil Procedure section 1060, this Court declare the following: subparagraphs (1) and (2) of Penal

5  Code section 12061(a) are void for vagueness as applied to Plaintiff because these provisions fail

6  to provide notice to Plaintiff regarding which calibers of ammunition are "handgun ammunition"

7  as defined in Penal Code sections 12060(b) and 12323(a), and because such vagueness encourages

8  arbitrary and discriminatory enforcement of these laws against Plaintiff in violation of the Due

9  Process Clause of the Fourteenth Amendment.

10      101.  Additionally, Plaintiff seeks an injunction pursuant to Code of Civil Procedure

11  sections 525 and 526.  The State's wrongful conduct, unless enjoined by this Court, will continue

12  to cause great and irreparable injury to Plaintiff because it is unable to determine what conduct is

13  required of it under subparagraphs (1) and (2) of section 12061(a).  As a result, Plaintiff

14  continually risks criminal prosecution and suffers Due Process violations.

15      102. The state's adoption and enforcement of subparagraphs (1) and (2) of section

16  12061(a), and the resultant injuries to Plaintiff, is and will be of a continuing nature for which

17  Plaintiff has no adequate remedy at law because monetary damages are impossible to determine.

18      103.  Accordingly, Plaintiff seeks a permanent injunction forbidding Defendants, their

19  agents, employees, representatives, and all those acting in concert with them from enforcing the

20  Challenged Provisions.  This Court should render declaratory judgment declaring the Challenged

21  Provisions unconstitutional and unenforceable.

22                                   **THIRD CAUSE OF ACTION**
                  **PETITION FOR WRIT OF MANDATE**

23                **(By All Plaintiffs Against All Defendants)**

24      104.  Plaintiffs re-allege all prior paragraphs and incorporate them herein.

25      105.  Defendants have a clear, present, and ministerial duty *not* to enforce the Challenged

26  Provisions against Plaintiffs, or anyone.

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

106. Plaintiffs are beneficially interested in this matter, as they and their supporters are subject to Defendants' arbitrary enforcement of the unconstitutionally vague Challenged Provisions.

107. Defendants' adoption and enforcement of the Challenged Provisions is and will be of a continuing nature for which Plaintiffs have no plain, speedy, adequate remedy at law, and which has and will continue to result in irreparable harm.

108. Plaintiffs present important questions of statutory and constitutional interpretation, as well as questions of public interest, which further warrant prompt disposition of this matter.

109. Accordingly, Plaintiffs seek a writ of mandate, pursuant to Code of Civil Procedure sections 1085 and 1087 commanding Defendants to stop enforcing the Challenged Provisions.

**DECLARATORY AND WRIT RELIEF WARRANTED**

110. Declaratory and writ relief is warranted in this case because: (1) an actual controversy has arisen and now exists between Plaintiffs and Defendants over the validity of the Challenged Provisions; and (2) there is no adequate remedy in the ordinary course of law.

111. Subsections (1) and (2) of section 12061(a) took effect on January 1, 2010, and are currently being enforced. These provisions are unlawfully vague such that Plaintiffs are unable to understand the Challenged Provisions and ascertain which calibers of ammunition are "handgun ammunition" under these provisions. Due to this vagueness, ammunition vendors have been forced, and will continue to be forced, to risk criminal penalties for failing to comply with the Challenged Provisions, because it allows for an arbitrary and discriminatory application of the Challenged Provisions by law enforcement. Likewise, any person or Vendor who transfers ammunition, subject to limited exceptions for exempted persons, will be forced to risk criminal penalties for failing to comply with the Challenged Provisions. Moreover, Defendants' ongoing and pending enforcement of invalid laws wastes taxpayer funds and unduly burdens Plaintiffs.

**PRAYER**

1. Wherefore Plaintiffs pray for the following relief: A Declaration that Penal Code sections 12060, 12061, and 12318 are null and void on their face because such provisions are unlawfully vague under the Due Process Clause of the Fourteenth Amendment;

2. A Declaration that subparagraphs (1) and (2) of Penal Code section 12061(a) are null and void as applied to Plaintiffs because such provisions are unlawfully vague under the Due Process Clause of the Fourteenth Amendment;

3. Issuance of a Peremptory Writ and/or Permanent Injunction ordering Defendants to stop enforcing Penal Code sections 12060, 12061, and 12318;

4. Costs and attorneys' fees as provided by section 1021.5 of the California Code of Civil Procedure, 42 U.S.C. § 1988, and any other relevant provision of California or federal law.

5. Such other relief as this Court may deem just and proper.


Dated:  June 17, 2010 _____          **Respectfully submitted,**
                                                    **MICHEL & ASSOCIATES, P.C.**


                                                    _____
                                                    C. D. MICHEL
                                                    **Attorney for Plaintiffs**

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## VERIFICATION

I, C.D. Michel, declare as follows:

I am one of the attorneys for the Plaintiffs herein. I have read the foregoing Complaint for Declaratory and Injunctive Relief / Petition for Writ of Mandate and know its contents. The facts alleged in the petition are within my own knowledge and I know these facts to be true. Because of my familiarity with the relevant facts and because my clients are absent from the county where I have my office, I, rather than Plaintiffs, verify this petition.

I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on June 17, 2010, at Long Beach, California.

Dated: _____

MICHEL & ASSOCIATES, PC

_____
C. D. Michel
Attorney for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# EXHIBIT A

## Assembly Bill No. 962

### CHAPTER 628

An act to amend Section 12316 of, to add Sections 12317 and 12318 to, to add Article 3.5 (commencing with Section 12060) to Chapter 1 of, to add a heading for Chapter 2.6 (commencing with Section 12316) to, and to repeal the heading of Chapter 2.6 (commencing with Section 12320) of, Title 2 of Part 4 of, the Penal Code, relating to ammunition.

[Approved by Governor October 11, 2009. Filed with
Secretary of State October 11, 2009.]

LEGISLATIVE COUNSEL'S DIGEST

AB 962, De Leon. Ammunition.

Existing law generally regulates the sale of ammunition.

The bill would provide that no handgun ammunition vendor, as defined, shall sell, offer for sale, or display for sale, any handgun ammunition in a manner that allows that ammunition to be accessible to a purchaser without the assistance of the vendor or employee thereof.

Existing law generally regulates what information is required to be obtained in connection with the transfer of ammunition.

This bill would, subject to exceptions, commencing February 1, 2011, require handgun ammunition vendors to obtain a thumbprint and other information from ammunition purchasers, as specified. A violation of these provisions would be a misdemeanor.

This bill would provide that a person enjoined from engaging in activity associated with a criminal street gang, as specified, would be prohibited from having under his or her possession, custody, or control, any ammunition. Violation of these provisions would be a misdemeanor.

The bill would prohibit supplying or delivering, as specified, handgun ammunition to prohibited persons, as described, by persons or others who know, or by using reasonable care should know, that the recipient is a person prohibited from possessing ammunition or a minor prohibited from possessing ammunition, as specified. Violation of these provisions is a misdemeanor with specified penalties.

The bill would provide, subject to exceptions, that commencing February 1, 2011, the delivery or transfer of ownership of handgun ammunition may only occur in a face-to-face transaction, with the deliverer or transferor being provided bona fide evidence of identity of the purchaser or other transferee. A violation of these provisions would be a misdemeanor.

By creating new crimes, this bill would impose a state-mandated local program.

94

Ch. 628                           — 2 —

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

*The people of the State of California do enact as follows:*

SECTION 1. This act shall be known, and may be cited, as the Anti-Gang Neighborhood Protection Act of 2009.

SEC. 2. Article 3.5 (commencing with Section 12060) is added to Chapter 1 of Title 2 of Part 4 of the Penal Code, to read:

Article 3.5. Handgun Ammunition Vendors

12060. As used in this article, the following terms apply:

(a) "Department" means the Department of Justice.

(b) "Handgun ammunition" means handgun ammunition as defined in subdivision (a) of Section 12323, but excluding ammunition designed and intended to be used in an "antique firearm" as defined in Section 921(a)(16) of Title 18 of the United States Code. Handgun ammunition does not include blanks.

(c) "Handgun ammunition vendor" or "vendor" means any person, firm, corporation, dealer, or any other business enterprise that is engaged in the retail sale of any handgun ammunition, or that holds itself out as engaged in the business of selling any handgun ammunition.

12061. (a) A vendor shall comply with all of the following conditions, requirements and prohibitions:

(1) A vendor shall not permit any employee who the vendor knows or reasonably should know is a person described in Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code to handle, sell, or deliver handgun ammunition in the course and scope of his or her employment.

(2) A vendor shall not sell or otherwise transfer ownership of, offer for sale or otherwise offer to transfer ownership of, or display for sale or display for transfer of ownership of any handgun ammunition in a manner that allows that ammunition to be accessible to a purchaser or transferee without the assistance of the vendor or employee thereof.

(3) Commencing February 1, 2011, a vendor shall not sell or otherwise transfer ownership of any handgun ammunition without, at the time of delivery, legibly recording the following information:

(A) The date of the sale or other transaction.

(B) The purchaser's or transferee's driver's license or other identification number and the state in which it was issued.

(C) The brand, type, and amount of ammunition sold or otherwise transferred.

94

(D) The purchaser's or transferee's signature.

(E) The name of the salesperson who processed the sale or other transaction.

(F) The right thumbprint of the purchaser or transferee on the above form.

(G) The purchaser's or transferee's full residential address and telephone number.

(H) The purchaser's or transferee's date of birth.

(4) Commencing February 1, 2011, the records required by this section shall be maintained on the premises of the vendor for a period of not less than five years from the date of the recorded transfer.

(5) Commencing February 1, 2011, the records referred to in paragraph (3) shall be subject to inspection at any time during normal business hours by any peace officer employed by a sheriff, city police department, or district attorney as provided in subdivision (a) of Section 830.1, or employed by the department as provided in subdivision (b) of Section 830.1, provided the officer is conducting an investigation where access to those records is or may be relevant to that investigation, is seeking information about persons prohibited from owning a firearm or ammunition, or is engaged in ensuring compliance with the Dangerous Weapons Control Law (Chapter 1 (commencing with Section 12000) of Title 2 of Part 4), or any other laws pertaining to firearms or ammunition. The records shall also be subject to inspection at any time during normal business hours by any other employee of the department, provided that employee is conducting an investigation where access to those records is or may be relevant to that investigation, is seeking information about persons prohibited from owning a firearm or ammunition, or is engaged in ensuring compliance with the Dangerous Weapons Control Law (Chapter 1 (commencing with Section 12000) of Title 2 of Part 4), or any other laws pertaining to firearms or ammunition.

(6) Commencing February 1, 2011, the vendor shall not knowingly make a false entry in, fail to make a required entry in, fail to obtain the required thumbprint, or otherwise fail to maintain in the required manner records prepared in accordance with paragraph (2). If the right thumbprint is not available, then the vendor shall have the purchaser or transferee use his or her left thumb, or any available finger, and shall so indicate on the form. If the purchaser or transferee is physically unable to provide a thumbprint or fingerprint, the vendor shall so indicate on the form.

(7) Commencing February 1, 2011, no vendor shall refuse to permit a person authorized under paragraph (5) to examine any record prepared in accordance with this section during any inspection conducted pursuant to this section, or refuse to permit the use of any record or information by those persons.

(b) Paragraph (3) of subdivision (a) shall not apply to or affect sales or other transfers of ownership of handgun ammunition by handgun ammunition vendors to any of the following, if properly identified:

(1) A person licensed pursuant to Section 12071.

(2) A handgun ammunition vendor.

94

(3) A person who is on the centralized list maintained by the department pursuant to Section 12083.

(4) A target facility which holds a business or regulatory license.

(5) Gunsmiths.

(6) Wholesalers.

(7) Manufacturers or importers of firearms licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto.

(8) Sales or other transfers of ownership made to authorized law enforcement representatives of cities, counties, cities and counties, or state or federal governments for exclusive use by those government agencies if, prior to the delivery, transfer, or sale of handgun ammunition, written authorization from the head of the agency authorizing the transaction is presented to the person from whom the purchase, delivery, or transfer is being made. Proper written authorization is defined as verifiable written certification from the head of the agency by which the purchaser, transferee, or person otherwise acquiring ownership is employed, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency by which he or she is employed.

(c) (1) A violation of paragraph (3), (4), (6), or (7) of subdivision (a) is a misdemeanor.

(2) The provisions of this subdivision are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

SEC. 3.   A heading for Chapter 2.6 of Title 2 of Part 4 is added to the Penal Code, immediately preceding Section 12316, to read:

## Chapter 2.6. Ammunition

SEC. 5.   Section 12316 of the Penal Code is amended to read:

12316.   (a) (1)  Any person, corporation, or dealer who does any of the following shall be punished by imprisonment in a county jail for a term not to exceed six months, or by a fine not to exceed one thousand dollars ($1,000), or by both the imprisonment and fine:

(A)  Sells any ammunition or reloaded ammunition to a person under 18 years of age.

(B)  Sells any ammunition or reloaded ammunition designed and intended for use in a handgun to a person under 21 years of age. As used in this subparagraph, "ammunition" means handgun ammunition as defined in subdivision (a) of Section 12323. Where ammunition or reloaded ammunition may be used in both a rifle and a handgun, it may be sold to a person who is at least 18 years of age, but less than 21 years of age, if the vendor reasonably believes that the ammunition is being acquired for use in a rifle and not a handgun.

94

(C) Supplies, delivers, or gives possession of any ammunition to any minor who he or she knows, or using reasonable care should know, is prohibited from possessing that ammunition at that time pursuant to Section 12101.

(2) Proof that a person, corporation, or dealer, or his or her agent or employee, demanded, was shown, and acted in reasonable reliance upon, bona fide evidence of majority and identity shall be a defense to any criminal prosecution under this subdivision. As used in this subdivision, "bona fide evidence of majority and identity" means a document issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, California state identification card, identification card issued to a member of the Armed Forces, or other form of identification that bears the name, date of birth, description, and picture of the person.

(b) (1) No person prohibited from owning or possessing a firearm under Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code shall own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition.

(2) For purposes of this subdivision, "ammunition" shall include, but not be limited to, any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with a deadly consequence. "Ammunition" does not include blanks.

(3) A violation of paragraph (1) of this subdivision is punishable by imprisonment in a county jail not to exceed one year or in the state prison, by a fine not to exceed one thousand dollars ($1,000), or by both the fine and imprisonment.

(4) A person who is not prohibited by paragraph (1) from owning, possessing, or having under his or her custody or control, any ammunition or reloaded ammunition, but who is enjoined from engaging in activity pursuant to an injunction issued pursuant to Section 3479 of the Civil Code against that person as a member of a criminal street gang, as defined in Section 186.22, may not own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition.

(5) A violation of paragraph (4) of this subdivision is a misdemeanor.

(c) Unless it is with the written permission of the school district superintendent, his or her designee, or equivalent school authority, no person shall carry ammunition or reloaded ammunition onto school grounds, except sworn law enforcement officers acting within the scope of their duties or persons exempted under subparagraph (A) of paragraph (1) of subdivision (a) of Section 12027. This subdivision shall not apply to a duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, any person summoned by any of these officers to assist in making an arrest or preserving the peace while he or she is actually engaged in assisting the officer, a member of the military forces of this state or of the United States who is engaged in the performance of his or her duties, a person holding a

valid license to carry the firearm pursuant to Article 3 (commencing with Section 12050) of Chapter 1 of Title 2 of Part 4, or an armored vehicle guard, who is engaged in the performance of his or her duties, as defined in subdivision (e) of Section 7521 of the Business and Professions Code. A violation of this subdivision is punishable by imprisonment in a county jail for a term not to exceed six months, a fine not to exceed one thousand dollars ($1,000), or both the imprisonment and fine.

(d)  (1)  A violation of paragraph (1) or (4) of subdivision (b) is justifiable where all of the following conditions are met:

(A)  The person found the ammunition or reloaded ammunition or took the ammunition or reloaded ammunition from a person who was committing a crime against him or her.

(B)  The person possessed the ammunition or reloaded ammunition no longer than was necessary to deliver or transport the ammunition or reloaded ammunition to a law enforcement agency for that agency's disposition according to law.

(C)  The person is prohibited from possessing any ammunition or reloaded ammunition solely because that person is prohibited from owning or possessing a firearm only by virtue of Section 12021 or ammunition or reloaded ammunition because of paragraph (4) of subdivision (b).

(2)  Upon the trial for violating paragraph (1) or (4) of subdivision (b), the trier of fact shall determine whether the defendant is subject to the exemption created by this subdivision.

(3)  The defendant has the burden of proving by a preponderance of the evidence that he or she is subject to the exemption provided by this subdivision.

SEC. 6.  Section 12317 is added to the Penal Code, to read:

12317.  (a)  Any person, corporation, or firm who supplies, delivers, sells, or gives possession or control of, any ammunition to any person who he or she knows or using reasonable care should know is prohibited from owning, possessing, or having under his or her custody or control, any ammunition or reloaded ammunition pursuant to paragraph (1) or (4) of subdivision (b) of Section 12316, is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year, or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(b)  The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by this section and another provision of law shall not be punished under more than one provision.

(c)  For purposes of this section, "ammunition" shall include, but not be limited to, any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with deadly consequence. "Ammunition" does not include blanks.

SEC. 7.  Section 12318 is added to the Penal Code, to read:

12318.  (a)  Commencing February 1, 2011, the delivery or transfer of ownership of handgun ammunition may only occur in a face-to-face

94

transaction with the deliverer or transferor being provided bona fide evidence of identity from the purchaser or other transferee. A violation of this section is a misdemeanor.

(b)  For purposes of this section:

(1)  "Bona fide evidence of identity" means a document issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, state identification card, identification card issued to a member of the Armed Forces, or other form of identification that bears the name, date of birth, description, and picture of the person.

(2)  "Handgun ammunition" means handgun ammunition as defined in subdivision (a) of Section 12323, but excluding ammunition designed and intended to be used in an "antique firearm" as defined in Section 921(a)(16) of Title 18 of the United States Code. Handgun ammunition does not include blanks.

(3)  "Handgun ammunition vendor" has the same meaning as set forth in Section 12060.

(c)  Subdivision (a) shall not apply to or affect the deliveries, transfers, or sales of, handgun ammunition to any of the following:

(1)  Authorized law enforcement representatives of cities, counties, cities and counties, or state and federal governments for exclusive use by those government agencies if, prior to the delivery, transfer, or sale of the handgun ammunition, written authorization from the head of the agency employing the purchaser or transferee, is obtained identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency employing the individual.

(2)  Sworn peace officers, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 who are authorized to carry a firearm in the course and scope of their duties.

(3)  Importers and manufacturers of handgun ammunition or firearms licensed to engage in business pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(4)  Persons who are on the centralized list maintained by the Department of Justice pursuant to Section 12083.

(5)  Persons whose licensed premises are outside this state who are licensed as dealers or collectors of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(6)  Persons licensed as collectors of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto whose licensed premises are within this state who has a current certificate of eligibility issued to him or her by the Department of Justice pursuant to Section 12071.

(7)  A handgun ammunition vendor.

(8)  A consultant-evaluator, as defined in subdivision (s) of Section 12001.

94

Ch. 628        — 8 —

SEC. 8.  The heading of Chapter 2.6 (commencing with Section 12320) of Title 2 of Part 4 of the Penal Code is repealed.

SEC. 9.  No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution because the only costs that may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

O

94

# EXHIBIT B

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2010 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT IS CURRENT THROUGH 2009-2010 EXTRAORDINARY
SESSIONS 1-5, ***
7, AND 8, AND URGENCY LEGISLATION THROUGH CH 25 OF THE 2010 REGULAR
SESSION

PENAL CODE
Part 4.  Prevention of Crimes and Apprehension of Criminals
Title 2.  Control of Deadly Weapons
Chapter 2.6.  Ammunition

## GO TO CALIFORNIA CODES ARCHIVE DIRECTORY

Cal Pen Code § 12323 (2009)

### § 12323.  Definitions

As used in this chapter, the following definitions shall apply:

   (a) "Handgun ammunition" means ammunition principally for use in pistols, revolvers, and other firearms capable of being concealed upon the person, as defined in subdivision (a) of Section 12001, notwithstanding that the ammunition may also be used in some rifles.

   (b) "Handgun ammunition designed primarily to penetrate metal or armor" means any ammunition, except a shotgun shell or ammunition primarily designed for use in rifles, that is designed primarily to penetrate a body vest or body shield, and has either of the following characteristics:

   (1) Has projectile or projectile core constructed entirely, excluding the presence of traces of other substances, from one or a combination of tungsten alloys, steel, iron, brass, beryllium copper, or depleted uranium, or any equivalent material of similar density or hardness.

   (2) Is primarily manufactured or designed, by virtue of its shape, cross-sectional density, or any coating applied thereto, including, but not limited to, ammunition commonly known as "KTW ammunition," to breach or penetrate a body vest or body shield when fired from a pistol, revolver, or other firearm capable of being concealed upon the person.

(c) "Body vest or shield" means any bullet-resistant material intended to provide ballistic and trauma protection for the wearer or holder.

(d) "Rifle" shall have the same meaning as defined in paragraph (20) of subdivision (c) of Section 12020.

# EXHIBIT C

Edmund G. Brown Jr., Attorney General

| California Department of Justice **DIVISION OF LAW ENFORCEMENT** George B. Anderson, Director  | **INFORMATION BULLETIN** |
|---|---|
| **Subject:** New and Amended Firearms Laws | **No:** 2009-BOF-05 **Date:** 12/30/09 | **Bureau of Firearms** |

**TO:** All California Centralized List of Firearms Dealers, Manufacturers, and Exempted Federal Firearms Licensees

This bulletin provides a brief summary of new and amended California firearms laws that take effect on January 1, 2010, unless otherwise noted. You may contact the California State Capitol Legislative Bill Room at (916) 445-2323 to obtain copies of the bills (order by statute year and chapter number), or access the full text of the bills via the Internet at http://www.leginfo.ca.gov/.

### AB 962 (Stats. 2009, ch. 628)

- Handgun ammunition must be displayed in a manner that makes the ammunition inaccessible to a purchaser or transferee, and requires the assistance of the vendor or an employee of the vendor. (§ 12061.)[1]
- An employee of a handgun ammunition vendor, who is prohibited from possessing firearms, cannot handle, sell, or deliver handgun ammunition in the course and scope of his or her employment. (§ 12061.)
- No one shall supply, deliver, or give ammunition to a minor who is prohibited from possessing ammunition pursuant to section 12101. (§ 12316.)
- Any person who is enjoined from engaging in activity associated with a criminal street gang is prohibited from possessing ammunition. A violation is a misdemeanor. (§ 12316.)
- Beginning February 1, 2011, the delivery or transfer of handgun ammunition must occur in a face-to-face transaction, with the recipient providing bona fide evidence of his or her identity and age, subject to specified exceptions. Non-face-to-face transfers, such as internet transactions and mail order deliveries are prohibited. A violation is a misdemeanor. (§ 12318.)
- Beginning February 1, 2011, handgun ammunition vendors must obtain a thumbprint and other information related to handgun ammunition transactions subject to specified exceptions (including transfers to peace officers who are authorized to carry a firearm in the course and scope of their duties). The information must be retained by the vendor for five years from the date of the transaction. A violation is a misdemeanor. (§ 12061.)

---

[1] All further statutory references are to the California Penal Code, unless otherwise specified.

Information Bulletin 2009-BOF-05
New and Amended Firearms Laws
Page 2

## AB 1286 (Stats. 2009, ch. 144)

- An exemption to the limit of one handgun per 30 days has been added, allowing the transfer of multiple handguns within 30 days to community colleges certified by the Commission on Peace Officer Standards and Training for commission-certified law enforcement training. (§ 12072.)

## SB 175 (Stats. 2009, ch. 334)

- The firearms dealer licensing requirement provides an exception for the exchange of a firearm to or from a gunsmith for purpose of service or repair. (§ 12072.)
- A California Firearms License Check (CFLC) verification number exemption for dangerous weapons has been removed. (§ 12072.)
- Pawnbrokers are precluded from placement on the Centralized List of Exempted Federal Firearms Licensees (CLEFFL). (§ 12083.)
- Persons who possess a current dangerous weapons permit, are exempt from the fees associated with CLEFFL. (§ 12083.)

## SB 449 (Stats. 2009, ch. 335)

- Beginning July 1, 2010, secondhand dealers will report daily to DOJ (rather than the local law enforcement agency) via electronic submission, any firearms purchased, taken in trade, or taken in pawn. Within one working day of receipt of a secondhand dealer report, the DOJ will electronically provide information in the report to a secure mailbox of the local law enforcement agency. (§ 12083; Bus. and Prof. Code §§ 21628 and 21628.2.)

If you have any questions regarding this Information Bulletin, please contact the DOJ Bureau of Firearms at (916) 263-4887.

Sincerely,

WILFREDO CID, Chief
Bureau of Firearms

For  EDMUND G. BROWN JR.
Attorney General

DLE 126 (Rev 10/07)