Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Tel 949.310.0817/Fax 949.288.6894
E-Mail: Jason@CalGunLawyers.com
Attorneys for Plaintiffs OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., ERIK ROYCE, BRANDON ELIAS, FOLSOM SHOOTING CLUB, INC., and THE CALGUNS FOUNDATION, INC.,

C. D. Michel (Calif. Bar No. 144258)
Clint Monfort  (Calif. Bar No. 255609)
Michel & Associates, P.C.
180 East Ocean Blvd. Suite 200
Long Beach, CA 90802
Tel: 562.216.4444/Fax 562.216.4445
E-Mail: CMichel@Michellawyers.com
Attorneys for Plaintiff NATIONAL RIFLE ASSOCIATION, INC.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., ERIK ROYCE, BRANDON ELIAS, FOLSOM SHOOTING CLUB, INC.,  THE CALGUNS FOUNDATION, INC., and NATIONAL RIFLE ASSOCIATION, INC., <br><br> Plaintiffs, <br> vs. <br><br> STEVE LINDLEY; THE STATE OF CALIFORNIA; THE CALIFORNIA DEPARTMENT OF JUSTICE; DOES 1-10 <br><br> Defendants. | Case No: 2:10-cv-02010-MCE-KJM <br><br> **JOINT RULE 26(f) STATUS REPORT** |

**JOINT RULE 26(f) STATUS REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order Requiring Joint Status Report, Plaintiffs OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., ERIK ROYCE, BRANDON ELIAS, FOLSOM SHOOTING CLUB, INC., THE CALGUNS FOUNDATION, INC., and NATIONAL RIFLE ASSOCIATION, INC., and Defendants STEVE LINDLEY; THE STATE OF CALIFORNIA; and THE CALIFORNIA DEPARTMENT OF JUSTICE hereby submit this joint status report.

 (a) **A Brief Summary of the Claims:**

Plaintiffs challenge is summarized as follows: California implemented certain restrictions on the delivery and transfer of "handgun ammunition" via Assembly Bill 962 (2009). Beginning in February 2011, the law will criminalize the delivery and transfer of "handgun ammunition" (vaguely defined by statute) not conducted in face-to-face transactions with the deliver (presumably the carrier or drivers) obtaining bona fide evidence of identification, including the age of the recipient – and not deliver if the recipient is a minor. There exist some exceptions for certain categories of persons: e.g. Licensed Curio and Relic dealers who also have valid California issued Certificates of Eligibility in their name. In order to deliver ammunition to one of the excepted parties, shipping companies and their drivers will have to implement and engage in procedures to determine whether the recipient of a package containing "handgun ammunition" is covered by one of the exceptions in the law before delivering "handgun ammunition" in California: e.g. by identifying which packages contain "handgun ammunition," by identifying the recipient, by verifying the recipient's status as a Curio and Relic licensees and by verifying the status as a holder of a California Certificate of Eligibility. This places a great burden on the shippers, the drivers, and the recipients; it also makes shipping ammunition to California much more difficult and likely more expensive. These provisions of AB 962, and its codified counterpart, violate the Federal Aviation Administration Authorization Act, which prohibits states and local municipalities from interfering with carriers' rates, routes, or services. Plaintiffs in this case will be moving quickly to obtain an injunction before the shipping portions of the law takes effect.

1  Defendants maintain that Penal Code section 12318 is not preempted by the FAAAA.
2  Defendants have moved to dismiss the complaint on the grounds that Plaintiffs lack standing,
3  their claims are unripe, the action is barred by sovereign immunity, and the complaint fails to
4  state a claim upon which relief may be granted because Penal Code section 12318 will affect
5  Plaintiffs' rates, routes or services in too tenuous, remote or peripheral a manner, if at all. If the
6  action is not dismissed in its entirety, Defendants ask the Court to stay the action to allow a
7  related state court case to proceed to judgment

**(b) Status of Service Upon All Defendants;**

All defendants have been served and are represented by counsel.

**(c) Possible Joinder of Additional Parties;**

None at this time.

**(d) Contemplated Amendments to the Pleadings;**

Defendants' have filed a motion to dismiss Plaintiffs Complaint.   Plaintiffs' are currently examining Defendants' motion and may seek leave to amend their Complaint to clarify standing and liability of Defendants in the above entitled matter.

**(e) The basis for jurisdiction and venue;**

Plaintiffs state that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 2201, 2202 and 42 U.S.C. §1983 and Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**(f) Anticipated discovery and the scheduling of discovery, including:**

   **1. What changes, if any, should be made in the timing, form, or requirement for disclosures under rule 26(a), including a statement of when disclosures under Rule 26(a)(1), where made or will be made;**

   Defendants have not answered and currently have pending a Motion to Dismiss to be heard on November 18, 2010.  As such, parties request that the time for initial disclosures be continued and a deadline re-evaluated at the hearing on Defendants' motion to dismiss.

2. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases;**

   Discovery will be completed by March 23, 2012. The parties will likely conduct discovery on the topic of Assembly Bill 962, the implementation of the requirements imposed by Assembly Bill 962, and the meaning behind the terms used in Assembly Bill 962.

3. **What changes, if any, should be made in the limitations on discovery imposed under Civil Rules and what other limitations, if any, should be imposed;**

   None.

4. **The timing of the disclosure of expert witnesses and information required by 26(a)(2);**

   Parties will make its expert disclosures on or before December 9, 2012. Expert rebuttal reports will be due March 2, 2012.

5. **The proposed dates for discovery cut-off;**

   Proposed discovery cut-off date: March 23, 2012.

(g) **Proposed date by which all non-discovery motions shall be filed;**

Non-discovery motions filing deadline: April 6, 2012.

(h) **Proposed dates for final pretrial conference, and trial;**

Proposed final pretrial conference date: August 3, 2012; Proposed Trial Date August 31, 2012.

(i) **Estimated of days of trial, and whether any party has demanded a jury trial;**

Parties estimate that this case will require 7 trial days. Plaintiff made a jury demand in its Complaint.

(j) **Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c);**

Plaintiffs cannot agree to try the matter before a magistrate judge. There is no foreseeable need for a special master.

1 **(k) Proposed modification of standard pretrial procedures due to the special nature of the case;**

None.

**(l) Whether the case is related to any other case, including any matter involving bankruptcy;**

Not Applicable.

**(m) Prospects for settlement, including whether a settlement conference should be scheduled;**

Proposed date for a settlement conference on or about January 2012.

**(n) Any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.**

Parties are willing to waive any disqualification and stipulate to the trial judge acting as a settlement judge and anticipate that the parties will file an ESI protocol and a protective order to govern discovery in this case.

Date: October 25, 2010                                    Respectfully submitted,

Michel & Associates, P.C.                                 Davis & Associates

/s/ C. D. Michel (as authorized on 10/25/10)    /s/ Jason A. Davis
C. D. Michel                                                        Jason A. Davis
cmichel@michellawyers.com                           Jason@CalGunLawyers.com
Attorneys for plaintiff                                       Attorneys for plaintiffs
NATIONAL RIFLE ASSOCIATION, INC.        OWNER-OPERATOR INDEPENDENT
                                                                           DRIVERS ASSOCIATION, ERIK
                                                                           ROYCE, BRANDON ELIAS, FOLSOM
                                                                           SHOOTING CLUB, INC., and THE
                                                                           CALGUNS FOUNDATION, INC.

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on October 25, 2010, with a copy of this document via Court's CM/ECF system per Local Rule 135(a).

/s/ Claudia Ayala

Claudia Ayala