UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OWNER-OPERATOR INDEPENDENT
DRIVERS ASSOCIATION, INC.,
et al.,

        Plaintiffs,

  v.

THE STATE OF CALIFORNIA,
et al.,

        Defendants.

No. 2:10-cv-02010 MCE-KJM

<u>ORDER</u>

----oo0oo----

    Plaintiffs Owner-Operator Independent Drivers Association, Inc., Erik Royce, Brandon Elias, Folsom Shooting Club, Inc., the Calguns Foundation, Inc., and the National Rifle Association, Inc. ("Plaintiffs") seek redress from Defendant Steven Lindley, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms ("Defendant"), regarding California Assembly Bill 962.

///
///

Namely, specific provisions of the bill, effective February 1, 2011, will make it a misdemeanor in California to sell, deliver, or transfer handgun ammunition in any manner that is not a face-to-face transaction. Plaintiffs contest other portions of the bill, also not in effect until February 2011. Plaintiffs are interested parties involved in distributing ammunition throughout the country and are supporters of the free movement of ammunition. They argue that the new provisions are preempted by federal law and request action pursuant to the Declaratory Judgment Act. Defendant contends that Plaintiffs' claims are speculative since the provisions at issue are not yet in effect, and thus not ripe for review nor appropriate for relief under the Declaratory Judgment Act.

The Supreme Court has consistently held that the ripeness doctrine aims "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agric. Prod. Co., 473 U.S. 568, 580 (1985) (citing Abbott Lab. v. Gardner, 387 U.S. 136, 148 (1967)). Thus, questions about ripeness become "a question of timing." Id.

The Declaratory Judgment Act authorizes federal courts to declare rights and other legal relationships in a "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). For a declaratory judgment to be issued, the claim must be constitutionally ripe, that is the facts demonstrate there is a controversy "of sufficient immediacy and reality." Educational Credit Mgmt. Corp. v. Coleman (In re Coleman), 560 F.3d 1000, 1005 (9th Cir. 2009).

Plaintiffs' claims are not ripe for review.  They cannot demonstrate any current harm or a sufficiently immediate concern. No one can yet anticipate how California's bill will affect Plaintiffs and/or their business.  No case or controversy exists at this time.[1]  Therefore, Plaintiffs' case is DISMISSED without prejudice, and Defendant's Motion to Dismiss (ECF No. 11) is DENIED as moot.[2]

IT IS SO ORDERED.

Dated: December 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to examine any additional arguments made by Plaintiffs at this stage of litigation.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).